United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| / | |
| This Order Relates To: | Case Nos. C 3:11-cv-2591-SI; 3:11-cv-3856-SI; 3:11-cv-4119-SI; 3:11-cv-5765-SI; 3:11-cv-6241-SI; 3:12-cv-1426-SI; 3:11-cv-3763-SI; 3:10-cv-5625-SI; 3:11-cv-00829-SI |
| *Office Depot, Inc. v. AU Optronics Corp., et al.*, 3:11-cv-2591-SI | |
| *Schultze Agency Services, LLC, on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. AU Optronics Corp., et al.*, 3:11-cv-3856-SI | **ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT FOR LACK OF ANTITRUST INJURY AND LACK OF ANTITRUST STANDING** |
| *P.C. Richard & Son Long Island Corp., et al. v. AU Optronics Corp., et al.*, 3:11-cv-4119-SI | |
| *Tech Data Corp., et al. v. AU Optronics Corp., et al.*, 3:11-cv-5765-SI | |
| *CompuCom Systems, Inc. v. AU Optronics Corp., et al.*, 3:11-cv-6241-SI | |
| *NECO Alliance LLC v. AU Optronics Corp., et al.*, 3:12-cv-1426-SI | |
| *Interbond Corp. of America v. AU Optronics Corp., et al.*, 3:11-cv-3763-SI | |
| *Alfred H. Siegel, As Trustee of the Circuit City Stores, Inc. Liquidating Trust v. AU Optronics Corp., et al.*, 3:10-cv-5625-SI | |
| *MetroPCS Wireless, Inc. v. AU Optronics Corp., et al.*, 3:11-cv-00829-SI | |
| / | |

Currently before the Court is defendants' motion for summary judgment and partial summary judgment on Sherman Act claims by all plaintiffs, and on Tech Data's claim under California antitrust law.[1] *See* MDL Master Dkt. No. 8924. For the reasons set forth below, the Court DENIES defendants' motion.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the nonmoving party to "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 324). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.*

---

[1] Defendants' motion initially encompassed state law claims brought by additional plaintiffs. However, the parties later stipulated to the dismissal of many plaintiffs' state law claims, leaving pending before the Court only those claims described above. *See* MDL Master Dkt. No. 8987.

However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)(2).

## DISCUSSION

Defendants move for summary judgment, arguing that plaintiffs lack both antitrust injury and antitrust standing. Defendants argue that plaintiffs were not participants in the market for LCD panels, and they therefore cannot establish an antitrust injury. Defendants further argue that plaintiffs lack antitrust standing because their injuries are speculative, apportioning damages would be too complex, and permitting the claims to go forward presents a risk of duplicative recovery.

### 1. Antitrust Injury.

To pursue an antitrust action, a plaintiff must demonstrate that it has suffered an antitrust injury. *Am. Ad. Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1055 (9th Cir. 1999). The Ninth Circuit recognizes four requirements for antitrust injury: "(1) unlawful conduct, (2) causing an injury to the plaintiff, (3) that flows from that which makes the conduct unlawful, and (4) that is of the type the antitrust laws were intended to prevent." *Id.*

The Court has previously ruled, on three separate occasions, that both direct and indirect action plaintiffs in this MDL were able to demonstrate antitrust injury. *See* MDL Master Dkt. Nos. 666, 4301, 6931. The Court has found that LCD panels possess no independent utility outside of the demand for LCD products, and that the market for LCD panels cannot, therefore, be severed from the market for LCD products. *See* MDL Master Dkt. Nos. 4301 at 1-2; 6931 at 3. The Court has previously concluded that both direct and indirect plaintiffs in this MDL have suffered injuries of the type the antitrust laws were designed to prevent. *Id.*

Defendants have presented no principled reason for the Court to depart from its prior rulings here. Indeed, defendants recognize the Court's prior rulings on this issue and state that they raise "these arguments here for further consideration and to ensure that they preserve their appellate rights since Plaintiffs here were not subject to the prior orders." MDL Master Dkt. No. 8924 at 3.

3

Accordingly, the Court finds that plaintiffs have suffered an antitrust injury, and therefore, to the extent defendants' motion is based on a lack thereof, the motion is DENIED.

### 2.  **Antitrust Standing.**

When determining whether a plaintiff has antitrust standing, courts are instructed to consider several factors. *See Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 536-39 (1983) ("*AGC*"). The nature of the plaintiff's injury is the most important factor, specifically whether it is "of the type that Congress sought to redress in providing a private remedy for violations of the antitrust laws." *Id.* at 538 (quoting *Blue Shield of Va. v. McCready*, 457 U.S. 465, 482 (1982)). Courts should also consider whether "a causal connection [exists] between an antitrust violation and the harm to the [plaintiff]," *id.* at 537; whether "the defendants intended to cause that harm," *id.*; whether the plaintiff was "a consumer [or] a competitor in the market in which trade was restrained," *id.* at 539; whether the interests of the plaintiff would be served by remedying the violation, *id.*; the directness or indirectness of the alleged injury, *id.* at 540; and whether "there are more immediate victims of the violation undetected or unremedied," *id.* In addition, courts should evaluate whether the plaintiff's damages are speculative and whether the plaintiff's claim would potentially lead to duplicative recovery or the complex apportionment of damages. *Id.* at 543 (citing *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 737-38 (1977)).

As with the question of antitrust injury, the Court has also previously considered the question of antitrust standing in this MDL. *See* MDL Master Dkt. Nos. 666, 4301, 6931. The Court has found that the injuries plaintiffs allege are the type of injuries that antitrust law was meant to address. *See* MDL Master Dkt. Nos. 4301 at 2; 6931 at 3-4. The Court has previously recognized that, although there is some risk of duplicative recovery and that apportioning damages is a complex task, those concerns are outweighed by the nature of plaintiffs' injuries and the link between those injuries and defendants' anticompetitive conduct. *Id.* For the same reasons stated above, the Court declines to depart from its

prior rulings on this issue.[2] Accordingly, to the extent defendants' motion is based on lack of antitrust standing, that motion is DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion for summary judgment based on lack of antitrust injury and lack of antitrust standing. This Order resolves MDL Master Docket No. 8924.

**IT IS SO ORDERED.**

Dated: July 1, 2014

                                                    *Susan Illston*
SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs argue that it is inappropriate to apply the *AGC* standard to the claims brought under California law because *AGC* has not been adopted as the law in California. Because the Court finds that plaintiffs have demonstrated antitrust standing under the *AGC* standard for purposes of federal law, even if the Court were to apply the *AGC* standard to plaintiffs' California claims, the outcome would be unchanged. Therefore, the Court declines to decide whether the *AGC* standard is properly applied to claims arising under California law.